# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

**UNITED STATES OF AMERICA**

**VERSUS**

**NICOLE GOINGS AND DAVID RAY JOHNSON**

**CRIMINAL NUMBER 18-0148-01-02**

**JUDGE TERRY A. DOUGHTY**

**MAG. JUDGE KAREN L. HAYES**

## RULING

Before the Court are Motions to Quash Indictment ("Motion to Quash") [Doc. Nos. 80 & 95] filed by Defendant David Ray Johnson ("Johnson") and Lakendria Nicole Goings ("Goings") respectively.  Additionally, Johnson, with leave of Court, has joined in the arguments made by Goings in her separate motion [Doc. No. 106].  For the following reasons, both Motions to Quash are GRANTED IN PART and DENIED IN PART.  To the extent that  Defendants move to quash Count 1 of the Superseding Indictment, the motions are GRANTED, and Count 1 is QUASHED as to both Defendants.  To the extent that Defendants move to quash Counts 3, 6, and 8, the motion is DENIED.  Finally, to the extent that Johnson filed his Motion to Quash prior to the Superseding Indictment and sought to quash counts contained in the original Indictment, the motion is DENIED AS MOOT.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

On June 27, 2018, Goings and Johnson were originally charged in a nine-count Indictment. Both Defendants were charged in 7 counts as follows: Conspiracy to Violate 18 U.S.C. § 924(c) to Use, Carry, Brandish, and Discharge Firearms During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(o) (Count 1); Bank Robbery in violation of 18 U.S.C. §§ 2113(a), (d) & § 2 (Count 2); Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence in violation of 18

U.S.C. §§ 924(c)(1)(A)(ii) & 2 (Count 3); Credit Union Robbery in violation of 18 U.S.C. §§ 2113(a), (d), & 2 (Count 5); Use, Carry, and Brandish a Firearm During and in Relation to a Violent Crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2 (Count 6); Bank Robbery in violation of 18 U.S.C. §§ 2113(a), (d), & 2 (Count 7); Use, Carry, and Brandish a Firearm During Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2 (Count 8). Johnson was also charged in Counts 4 and 9 with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1).

On that same day, Johnson and Goings were arrested.

On June 29, 2018, Magistrate Judge Karen L. Hayes also granted the Government's Motion for Writ of Habeas Corpus Ad Prosequendum as to both Defendants.

On July 11, 2018, Defendants made their initial appearances before Magistrate Judge Hayes. Goings, who was represented by counsel, was arraigned and pled not guilty. Magistrate Judge Hayes also found that Goings was not eligible for release. She likewise found that Johnson was not eligible for release at the time, but set another arraignment and detention hearing, so that he could be represented by counsel.

On July 13, 2018, another hearing was held, Johnson was arraigned and pled not guilty. He was determined not to be eligible for release.

After further proceedings, on June 19, 2019, a status conference was held, and counsel for the Government advised that he was presenting the matter to a grand jury for a superseding indictment.

On June 25, 2019, Johnson filed a Motion to Quash Indictment [Doc. No. 80].

On June 26, 2019, a Superseding Indictment [Doc. No. 82] was filed against Goings and Johnson. The Superseding Indictment also contains seven counts against both Defendants and two additional counts against Johnson. In Count 1, Defendants are charged, as they were in the original Indictment, with Conspiracy to Violate 18 U.S.C. § 924(c) to Use, Carry, Brandish, and Discharge

Firearms During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(o). Count 1 further incorporates the charges in Counts 2 through 9 of the Superseding Indictment. However, in Counts 3, 6, and 8, the Superseding Indictment now specifically charges that the pending counts of using, carrying, brandishing, and discharging of a firearm during a crime of violence are brought pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) & 2. They were arraigned and pled not guilty to the charges.

On the same day, Magistrate Judge Hayes held a pre-trial conference with counsel. Trial remains set for July 29, 2019.

On July 7, 2019, Goings also filed a Motion to Quash Superseding Indictment [Doc. No. 95].

On July 11, 2019, the Government filed a response to both motions to quash. [Doc. No. 104]. That same day, the Court granted Johnson's motion to adopt Goings' Motion to Quash Superseding Indictment [Doc. No. 106].

On July 16, 2019, with leave of Court, Goings filed a reply memorandum [Doc. No. 109] in support of her Motion to Quash. The motions are now fully briefed.

## II.    LAW AND ANALYSIS

Defendants seek dismissal of the Superseding Indictment pursuant to the United States Supreme Court's recent decision in *United States v. Davis*, 588 U.S. _____ , 139 S. Ct. 2319 (2019). In that case, the Supreme Court considered the constitutionality of the residual clause definition of violent felony in 18 U.S.C. § 924(c)(3)(B), which provides mandatory minimum sentences based on using, carrying, or possessing a firearm in connection with a federal crime of violence. On review, the Supreme Court affirmed the United States Court of Appeals for the Fifth Circuit and held that the residual clause is "unconstitutionally vague" under due process and separation of powers principles. *Id.* at 2336. The case was then remanded to the Fifth Circuit for further proceedings.

The Supreme Court recounted the facts and procedural history of the case:

After Maurice Davis and Andre Glover committed a string of gas station robberies in Texas, a federal prosecutor charged both men with multiple counts of robbery affecting interstate commerce in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and one count of conspiracy to commit Hobbs Act robbery. The prosecutor also charged Mr. Davis with being a felon in possession of a firearm. In the end, a jury acquitted Mr. Davis of one robbery charge and otherwise found the men guilty on all counts. And these convictions, none of which are challenged here, authorized the court to impose prison sentences of up to 70 years for Mr. Davis and up to 100 years for Mr. Glover.

But that was not all. This appeal concerns additional charges the government pursued against the men under § 924(c). That statute authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause, and the second the residual clause. According to § 924(c)(3), a crime of violence is "an offense that is a felony" and

> "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

>> "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

Violators of § 924(c) face a mandatory minimum sentence of five years in prison, over and above any sentence they receive for the underlying crime of violence or drug trafficking crime. The minimum sentence rises to 7 years if the defendant brandishes the firearm and 10 years if he discharges it. Certain types of weapons also trigger enhanced penalties—for example, a defendant who uses a short-barreled shotgun faces a minimum sentence of 10 years. And repeat violations of § 924(c) carry a minimum sentence of 25 years. . .

At trial, the government argued that Mr. Davis and Mr. Glover had each committed two separate § 924(c) violations by brandishing a short-barreled shotgun in connection with their crimes. Here, too, the jury agreed. These convictions yielded a mandatory minimum sentence for each man of 35 years, which had to run consecutively to their other sentences. Adding the § 924(c) mandatory minimums to its discretionary sentences for their other crimes, the district court ultimately sentenced Mr. Glover to more than 41 years in prison and Mr. Davis to more than 50 years.

On appeal, both defendants argued that § 924(c)'s residual clause is unconstitutionally vague. At first, the Fifth Circuit rejected the argument. *United States v. Davis*, 677 Fed. Appx. 933, 936 (2017) (per curiam). But after we

vacated its judgment and remanded for further consideration in light of our decision in *Sessions v. Dimaya*, 584 U.S. ——, 138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), striking down a different, almost identically worded statute, the court reversed course and held § 924(c)(3)(B) unconstitutional. 903 F.3d 483, 486 (2018) (per curiam). It then held that Mr. Davis's and Mr. Glover's convictions on one of the two § 924(c) counts, the one that charged *robbery* as a predicate crime of violence, could be sustained under the elements clause. But it held that the other count, which charged *conspiracy* as a predicate crime of violence, depended on the residual clause; and so it vacated the men's convictions and sentences on that count.

Because the Fifth Circuit's ruling deepened a dispute among the lower courts about the constitutionality of § 924(c)'s residual clause, we granted certiorari to resolve the question. 586 U.S. ——, 139 S. Ct. 782, 202 L.Ed.2d 511 (2018). . .

*Davis*, 139 S. Ct. at 2324–25.

The Supreme Court then analyzed the residual clause of § 924(c)(3)(B) under the teachings of *Dimaya* and *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551 (2015),[1] which addressed similar residual clauses in other statutes. The *Davis* Court found that the categorical approach must be applied to both subsections (A) and (B) of § 924(c)(3). "Following the categorical approach, judges had to disregard how the defendant actually committed his

---

[1]In *Johnson*, the Court addressed the residual clause of the Armed Career Criminal Act ("ACCA"),

which defined a "violent felony" to include offenses that presented a "serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). The ACCA's residual clause required judges to use a form of what we've called the "categorical approach" to determine whether an offense qualified as a violent felony. Following the categorical approach, judges had to disregard how the defendant actually committed his crime. Instead, they were required to imagine the idealized "'ordinary case'" of the defendant's crime and then guess whether a "'serious potential risk of physical injury to another'" would attend its commission. *Id.*, at ——, 135 S.Ct., at 2557. *Johnson* held this judicial inquiry produced "more unpredictability and arbitrariness" when it comes to specifying unlawful conduct than the Constitution allows. *Id.*, at —— – ——, 135 S.Ct., at 2558–2559

*Davis*, 139 S. Ct. at 2326.

crime. Instead, they were required to imagine the idealized 'ordinary case' of the defendant's crime and then guess whether" the requirements of the statute were met. *Id.* at 2326 (quoting *Johnson,* 135 S.Ct., at 2557) (additional internal quotation marks omitted). When considered under a categorical approach, the Supreme Court "agree[d] with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague." *Davis*, 139 S. Ct. at 2336.

Although *Davis* was returned to the Fifth Circuit, no additional guidance has issued, and this Court remains bound by any prior decisions of the Fifth Circuit not inconsistent with *Davis.*

Johnson and Goings challenge the charges against them in Counts 1, 3, 6, and 8 of the Superseding Indictment. However, their arguments rely on *Davis'* analysis of the conspiracy count only. They argue that Count 1, which charges conspiracy to violate 18 U.S.C. § 924(c) to use, carry, brandish, and discharge firearms during and in relation to a crime of violence in violation of 18 U.S.C. § 924(o) necessarily depends on an analysis under the residual clause of § 924(c)(3)(B). Thus, Count 1 of the Indictment must be quashed pursuant to *Davis.*

The Government responds that it has charged Defendants pursuant to the "elements" clause of § 924(c)(3)(A), not the residual clause. Accordingly, the Government contends that *Davis* has no effect on the pending Superseding Indictment in this case.

Goings, with leave of Court, filed a reply arguing that Count 1 relies on 18 U.S.C. § 924(c), with no reference to the elements or residual clause. Goings argues further that the fact that the underlying offenses of bank robbery and credit union robbery are alleged under the elements clause does not save the conspiracy count from being quashed under *Davis.*

First, the Court finds, under *Davis*, there is no basis to quash the Superseding Indictment on Counts 3, 6, and 8 which specifically charge Defendants with using, carrying, brandishing, and discharging of a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii)

& 2.  Thus, these counts rely on the elements clause of § 924(c)(3)(A), not the residual clause.

Further, both bank robbery and credit union robbery satisfy the elements clause.   Defendants

were charged with armed bank and credit union robberies under 18 U.S.C. §§ 2113(a) and (d).

Subsection (a) provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take,
> from the person or presence of another, or obtains or attempts to obtain by
> extortion any property or money or any other thing of value belonging to, or in the
> care, custody, control, management, or possession of, any bank, credit union, or
> any savings and loan association ... shall be fined under this title or imprisoned
> not more than twenty years, or both.

18 U.S.C. § 2113(a). Subsection (d) provides:

> Whoever, in committing, or in attempting to commit, any offense defined in
> subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the
> life of any person by the use of a dangerous weapon or device, shall be fined
> under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d).  The elements clause of § 924(c)(3)(A) defines an offense as a crime of

violence if it "has as an element the use, attempted use, or threatened use of physical force

against the person or property of another."  *Davis* did not address the elements clause, and the

Court finds that Defendants are properly charged in Counts 3, 7, and 8 under the elements clause

of § 924(c)(3)(A) based on the underlying bank and credit union robberies.  To this extent,

Defendants' motions to quash are DENIED.

However, the Court must also consider the conspiracy charged in Count 1.  The Fifth

Circuit has "held that conspiracy to commit an offense is merely an agreement to commit an

offense."  *United States v. Davis*, 903 F.3d 483, 485 (5th Cir. 2018), cert. granted, 139 S. Ct.

782, 202 L. Ed. 2d 511 (2019), and aff'd in part, vacated in part, remanded, 139 S. Ct. 2319

(2019) (citing *United States v. Gore*, 636 F.3d 728, 731 (5th Cir. 2011)).  "Therefore, here, the

conspiracy offense does not necessarily require proof that a defendant used, attempted to use, or threatened to use force." *Id.* Accordingly, in *Davis*, the Government conceded, and the Fifth Circuit held, that the defendants could only have been convicted for knowingly using, carrying, or brandishing a firearm to aid and abet conspiracy to interfere with commerce by robbery under the residual clause. *Id.*; *see also Davis*, 139 S. Ct. at 2325 ("But [the Fifth Circuit] held that the other count, which charged conspiracy as a predicate crime of violence, depended on the residual clause; and so it vacated the men's convictions and sentences on that count."). The Fifth Circuit then found § 924(c)(3)(B) unconstitutionally vague and struck that conviction. On appeal, the Supreme Court affirmed this portion of the Fifth Circuit's ruling.

The Court finds that it has no authority to allow the Government to proceed to trial on Count 1 of the Superseding Indictment. The fact that the underlying offenses are bank and credit union robberies—which are themselves crimes of violence—does not allow the Government to proceed on the conspiracy count. Indeed, the underlying offense in *Davis* was a Hobbs Act robbery, which the Fifth Circuit has held to be a crime of violence. *See* Davis, 903 F.3d at 484-85 (finding that the Supreme Court's *Dimaya* decision had no effect on the Fifth Circuit's holding in *United States v. Buck*, 847 F.3d 267 (5th Cir. 2017), that a Hobbs Act robbery is a crime of violence under the § 924(c)(3)(A) elements clause). Under binding precedent, the Government can only proceed on Count 1 of the Superseding Indictment under the residual clause of § 924(c)(3)(B), which has been declared unconstitutionally vague by the Fifth Circuit and the Supreme Court. The Court is bound by those precedents. Therefore, Defendants' motion to quash Count 1 of the Superseding Indictment is GRANTED.

**III.    CONCLUSION**

For the foregoing reasons, Johnson's and Goings' Motions to Quash [Doc. Nos. 80 & 95] are GRANTED IN PART and DENIED IN PART.  To the extent that  Defendants move to quash Count 1 of the Superseding Indictment, the motions are GRANTED, and Count 1 is QUASHED as to both Defendants.  To the extent that Defendants move to quash Counts 3, 6, and 8, the motion is DENIED. To the extent that Johnson's Motion to Quash [Doc. No. 80] was filed before the Superseding Indictment and thus sought to quash counts in the original Indictment, his motion is DENIED AS MOOT.

Monroe, Louisiana, this 23rd day of  July, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE