UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 18-CR-00148-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LAKENDRIA NICOLE GOINGS** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is Defendants Lakendria Nicole Goings'("Goings") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 251]. Goings bases her motions on various claims of ineffective assistance of counsel, which include allegations that her trial counsel was ineffective for failing to introduce evidence from a psychiatric expert; her trial counsel was ineffective in failing to file a motion to sever; her trial counsel was ineffective in failing to file a motion for evidentiary hearing and exclusionary hearing in challenging admissibility of records; her trial counsel was ineffective in failing to object to the enhancements; her counsel was ineffective for failing to challenge her conviction for aiding and abetting; and her trial counsel failed to investigate her case.

For the reasons set forth herein, Goings' Motion to Vacate is **DENIED.**

## I. BACKGROUND AND PROCEDURAL HISTORY

Goings and her co-defendant David-Ray Johnson ("Johnson") (collectively, "Defendants") were involved in several armed robberies of banks and credit unions from about November 10, 2017, until December 18, 2017.[1] On November 10, 2017, the Defendants robbed $17,307 from the Guaranty Bank & Trust Company located in Epps, Louisiana.[2] The teller on duty buzzed Goings into the lobby, after which Goings pointed a gun at her and ordered her to fill a bag with money

---

[1] [Doc. No. 1, p. 1].
[2] [Doc. Nos. 1, p. 2; 214, p. 4].

and to buzz Johnson inside.[3] Johnson entered with his firearm once the teller buzzed him into the lobby.[4] The robbery was captured on the bank's security camera footage, and the audio was captured on the bank's ATM machines.[5] Police were able to obtain Johnson's DNA on a glove and firearm that were found along the escape route Defendants used after the robbery.[6]

On November 27, 2017, Defendants robbed $12,756 from the Barksdale Federal Credit Union located in Cotton Valley, Louisiana.[7] Goings entered first, went to the teller window, and yelled at the teller to fill the bag.[8] Johnson, armed with a gun, unsuccessfully tried to enter the supervisor's office, but then went towards the teller, pointing a gun at her.[9] Johnson forced the teller to empty two cash drawers.[10] This robbery was also captured by security cameras.[11] Coins from this robbery were later found in Goings' SUV.[12]

On December 18, 2017, Defendants robbed $28,447 from the Winnsboro State Bank in Gilbert, Louisiana.[13] The Franklin Parish Sheriff's Office was alerted to the robbery by radio, and an officer engaged in a car chase with the Defendants who were trying to escape in Goings' SUV.[14] During this car chase, Johnson was aiming an AR-15 at the officer and firing a handgun at him.[15] The SUV crashed, and the Defendants were apprehended.[16] The stolen money from the Winnsboro State Bank was found in the car.[17]

---

[3] [Doc. No. 214, p. 4].
[4] [Doc. No. 214, p. 4].
[5] [Doc. No. 214, p. 4].
[6] [Doc. No. 214, p. 4].
[7] [Doc. Nos. 1, p. 3; 214, p. 5].
[8] [Doc. No. 214, p. 4].
[9] [Doc. No. 214, p. 4].
[10] [Doc. No. 214, p. 4].
[11] [Doc. No. 214, p. 4].
[12] [Doc. No. 214, p. 5].
[13] [Doc. Nos. 1, p. 4; 214, p. 5].
[14] [Doc. No. 214, p. 5].
[15] [Doc. No. 214, p. 5].
[16] [Doc. No. 214, p. 5].
[17] [Doc. No. 214, p. 5].

On June 27, 2018, Defendants were indicted by a federal grand jury for eight counts against Goings and nine counts against Johnson.[18] Count One charged both Defendants with conspiracy to violate 18 U.S.C. § 924(c). *Id.* Counts Two, Five, and Seven charged both Defendants with bank robbery by force or violence. *Id.*, 18 U.S.C. §§ 2113(a), (d), and § 2. Counts Three, Six, and Eight charged them with violating 18 U.S.C. § 924(c). *Id.* Counts Four and Nine charged Johnson with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Id.*

Michael Dubos was appointed to represent Goings.[19] Goings entered a plea of not guilty on all counts on July 11, 2018.[20]

A federal grand jury also returned a superseding indictment for the Defendants on June 26, 2019.[21] Count One charged the Defendants with conspiracy to violate 18 U.S.C. § 924(c). *Id.* Count Two charged them with violating 18 U.S.C. §§ 2113(a), (d), and § 2 in relation to the robbery of Guaranty Bank & Trust Company. *Id.* Count Three charged them with violating 18 U.S.C. § 924(c) in relation to the robbery of Guaranty Bank & Trust Company. *Id.* Count Five charged them with violating 18 U.S.C. §§ 2113(a), (d), and § 2 in relation to the robbery of Barksdale Federal Credit Union. *Id.* Count Six charged them with violating 18 U.S.C. § 924(c) in relation to the robbery of Barksdale Federal Credit Union. *Id.* Count Seven charged them with violating 18 U.S.C. §§ 2113(a), (d), and § 2 in relation to the robbery of Winnsboro State Bank. *Id.* Count Eight charged them with violating 18 U.S.C. § 924(c) in relation to the robbery of Winnsboro State Bank. *Id.* Counts Four and Nine charged Johnson specifically with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Id.*

---

[18] [Doc. No. 1].
[19] [Doc. No. 16].
[20] [Doc. No. 20].
[21] [Doc. No. 82].

Goings filed a motion to quash the superseding indictment on July 7, 2018, and Johnson adopted the motion to quash on July 11, 2018.[22] On July 23, 2019, the Court granted in part Defendants' motions to quash the indictment and ordered Count One of the superseding indictment quashed.[23] On July 24, 2019, the Government filed a motion for reconsideration on the Court's order on the Defendant's motions to quash.[24] The Court denied this motion for reconsideration on July 26, 2019.[25]

The Defendants went to trial from July 29, 2019, to August 1, 2019.[26] On August 1, 2019, a jury found Johnson guilty of Counts Two through Nine and Goings guilty of Counts Two, Three, and Five through Eight.[27] On November 7, 2019, Goings was sentenced to a total of 339 months' imprisonment and roughly $31,000 in fines.[28]

Both Defendants appealed.[29] Goings filed her notice of appeal on November 12, 2019.[30] Goings' appointed counsel for her appeal was Elizabeth Dougherty.[31] On March 3, 2021, the United States Court of Appeals for the Fifth Circuit affirmed the Defendants' convictions and sentences.[32] Goings filed a motion to vacate, set aside, or correct sentence under 18 U.S.C. § 2255 on May 13, 3022, which alleged a *Batson* challenge, ineffective assistance of trial counsel and appellate counsel (as to alleged duplication of the charges), ineffective assistance of a trial counsel (in failing to investigate the case and/or verify Goings alibi) and ineffective assistance of trial counsel (by allowing the prosecution to misinform the jury that the gun the police recovered was

---

[22] [Doc. No. 95].
[23] [Doc. Nos. 95, 109, 117].
[24] [Doc. No. 119].
[25] [Doc. No. 126].
[26] [Doc. Nos. 131, 133, 134, 142, 195, 196, 197, 198].
[27] [Doc. No. 151, 152].
[28] [Doc. No. 177].
[29] [Doc. Nos. 175, 180].
[30] [Doc. No. 180].
[31] [Doc. No. 186].
[32] [Doc. No. 214].

the gun used in one of the robberies, without any DNA testing being done). Goings' Motion to Vacate was denied by this Court on July 7, 2022.[33]

Goings filed a Motion for Reconsideration[34] on July 13, 2022, which was granted, allowing Goings to file an amended Motion to Vacate.[35] The instant Motion is Goings' amended Motion to Vacate, in which she argues: (1) her trial counsel was ineffective for failing to introduce evidence from a psychiatric expert; (2) that her trial counsel was ineffective in failing to file a motion to sever; (3) that her trial counsel was ineffective in failing to file a motion for evidentiary hearing and exclusionary hearing in challenging admissibility of records; (4) that her trial counsel was ineffective in failing to object to the enhancements; (5) that her counsel was ineffective for failing to challenge her conviction for aiding and abetting; and (6) that trial counsel failed to investigate her case.

The issues are briefed, and the Court is prepared to rule.

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error

---

[33] [Doc. No. 232] (Ruling denying the Motion to Vacate by Goings)
[34] [Doc. No. 235] (Goings Letter/Motion for Reconsideration)
[35] [Doc. No. 238] (Order granting Letter/Motion for Reconsideration)

constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538

U.S. 500, 509 (2003) the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504. See *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice to the defendant. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland,* 466 U.S. at 689). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective

assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

### III. ANALYSIS

After a review of the record in this proceeding, this Court finds no evidentiary hearing is required, and this matter can be decided on the basis of the record. The record in this case conclusively shows Goings is not entitled to relief.

**A. Ineffective Assistance of Counsel Claims**

Goings asserts multiple bases for ineffective assistance of counsel as the backbone of her amended Section 2255 Motion. These bases include that (1) her trial counsel was ineffective for failing to introduce evidence from a psychiatric expert; (2) her trial counsel was ineffective in failing to file a motion to sever; (3) her trial counsel was ineffective in failing to file a motion for evidentiary hearing and exclusionary hearing in challenging admissibility of records; (4) her trial counsel was ineffective in failing to object to the enhancements; (5) her counsel was ineffective for failing to challenge her conviction for aiding and abetting; and (6) her trial counsel failed to investigate her case. In response, the Government argues that the record fails to support Goings' motion because there was no indication that counsel was ineffective. Specifically, the Government asserts that Goings has failed to refute the effectiveness of her attorney with anything from the record. The Court agrees.

Goings is required to meet the two-prong test for ineffective assistance of counsel established in *Strickland v. Washington*, 466 U.S. 668. She must have first overcome the "highly deferential" judicial presumption that, under the circumstances, the challenged action was sound trial strategy. *Anderson*, 18 F.3d at 1215 (citing *Strickland*, 466 U.S. at 689). Then, she is required to establish actual prejudice and that there was a reasonable probability her sentence would have

8

been different if not for their counsels' actions. *Strickland*, 466 U.S. at 694. The Court finds that the Goings has failed to meet either prong on all claims.

### 1. Mental Health Claims

Goings first claims that her trial counsel was ineffective for failing to introduce evidence from a psychiatric expert. Goings argues that a psychiatric expert examined her and found she was incapable of understanding criminal proceedings due to her mental illness and intellectual abilities. Goings argues she did not possess the capacity to assist her counsel in her defense. The record reflects this assertion is incorrect. A psychiatric report[36] was prepared by Tennille Warren-Phillips, a Forensic Unit Psychologist, who found Goings was criminally responsible for her alleged actions during the time period in question, and that Goings was not unable to appreciate the nature and quality or wrongfulness of her acts.

A Competency Hearing for Goings was held on April 23, 2019.[37] A Report and Recommendation[38] was issued, which recommended Goings be found competent to stand trial. The Report and Recommendation was adopted by this Court on May 23, 2019.[39]

Goings has failed to identify any witness that should have been called by counsel to support her claim. Therefore, this claim fails and is without merit. *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).

### 2. Motion to Sever

In her second claim, Goings alleges that her trial counsel was ineffective in failing to file a Motion to Sever. Goings argues that trial counsel should have filed a motion to sever in order to have separate trials for both the defendants and the three robbery counts.

---

[36] [Doc. No. 39] (SEALED Document – Psychiatric Report on Goings)
[37] [Doc. No. 51] (Minutes of Court – Competency Hearing)
[38] [Doc. No. 58] (SEALED Document – Report and Recommendation on Goings)
[39] [Doc. No. 60] (Judgment on Report and Recommendation on Goings)

Goings argues the failure to sever resulted in unfairness to her and a miscarriage of justice. Goings also argues there was exculpatory evidence to prove her innocence as to one of the robbery counts, but fails to disclose this exculpatory evidence.

Federal Rule of Criminal Procedure 8(a) allows a defendant to be charged in the same indictment for two or more offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Joinder of offenses is the rule, rather than the exception. Severance is required only in cases of "compelling prejudice." *United States v. Mays,* 466 F.3d 335, 340 (5th Cir. 2006).

A defendant must show substantial prejudice exists to overcome the interest of judicial economy. *United States v. Thomas,* 627 F.3d 146, 157 (5th Cir. 2010). Goings has not proven substantial prejudice. If Goings trial attorney had filed a motion to sever, this would have resulted in six trials. The charges against both defendants met the requirements of FED. R. CRIM. P. 8(a) and should have been tried together for judicial economy. This Court would not have severed the charges on the defendants.

Additionally, the decision not to pursue a motion to sever generally falls within the range of reasonable trial strategy. *Barrientes v. Johnson*, 221 F.3d 741, 775-76 (5th Cir. 2000). Goings' attorney was reasonable in not filing a motion to sever. This claim is without merit.

### 3. Evidentiary Hearing as to Evidence Admissibility

In her third claim, Goings argues that her trial counsel was ineffective by failing to file a motion for evidentiary hearing and exclusionary hearing in challenging the admissibility of records. In her memorandum, Goings clarifies she is referring to the admission of the videos and audio recordings of the robberies.

This issue was addressed on appeal and was denied by the Fifth Circuit when it affirmed the verdict. It was also noted that Goings' attorney actually did object to the playing of the audio and video clips to the jury during jury deliberations.[40] Also, the videos were properly documented and authenticated by the banking officials. All of the video and audio recordings were properly admitted in accordance with the Federal Rules of Evidence. Finally, Goings has failed to articulate a basis of an objection to the playing of the admission of this evidence.

This claim is also without merit.

### 4. Enhancement

In her fourth claim, Goings asserts that her trial counsel was ineffective for failing to object to the enhancements. In reading Goings' memorandum, the Court construes that this argument relates to the length of Going's sentence. Goings refers to an enhancement pursuant to U.S.S.G. §3A 1.2(c)(1). However, there was no sentencing enhancement based upon U.S.S.G. §3A1.2(c)(1) for Goings.[41] The enhancement was applied to Johnson. Additionally, Goings' attorney filed various objections to the presentence investigation report. Goings has provided no evidence indicating that her trial counsel did anything that led to an increase in her length of imprisonment. *Glover v. United States*, 531 U.S. 198, 203 (2001).

This claim is also without merit.

### 5. Aiding and Abetting Count

In her fifth claim, Goings argues her counsel was ineffective for failing to challenge her conviction for aiding and abetting. She argues Johnson could have accomplished the robberies without her assistance. This issue was additionally addressed by the Fifth Circuit on appeal. Goings argued on appeal that she did not carry or use a firearm. In affirming the conviction, the

---

[40] [Doc. No. 214, p.5] (Judgment/Mandate, Affirming District Court's ruling)
[41] [Doc. No. 182] (SEALED Document – Presentence Investigation Report)

11

Fifth Circuit stated that Goings' argument was of no merit because she and Johnson were both charged with aiding and abetting each other's acts, and the jury was properly instructed on the aiding and abetting theory of liability.[42]

An attorney cannot be ineffective for failing to raise a meritless claim. *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995). This claim is also without merit.

### 6. Failure to Investigate

In her final claim, Goings maintains her trial counsel failed to thoroughly investigate her case and that no alibis were verified to prove her innocence. However, Goings has failed to allege what the investigation would have uncovered and/or what witness could have testified to an alibi for her. There must be a specific, affirmative showing of what the missing evidence or testimony would have been. *Mattheson v. King*, 751 F.2d 1432, 1438 (5th Cir. 1985). It also should be noted that after the Winnsboro State Bank robbery on December 18, 2017, Goings was captured and found to be in the vehicle with Johnson.

Therefore, Goings' general claim of failure to investigate, without specifics, fails.

## IV. CONCLUSION

For the reasons set forth herein.

**IT IS ORDERED** that the Motion to Vacate [Doc. No. 251] filed by Goings is **DENIED.**

MONROE, LOUISIANA, this 8th day of March 2023.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT COURT**

---

[42] [Doc. No. 214, p. 10] (Judgment/Mandate, Affirming District Court's ruling)