# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:18-CR-0148 |
| VS. | JUDGE TERRY A. DOUGHTY |
| LAKENDRIA NICOLE GOINGS | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM RULING

Defendant Lakendria Nicole Goings moves for a reduced sentence under 18 U.S.C. § 3742(e). [Doc. No. 320]. The United States of America (hereafter, "the Government") opposes the motion. [Doc. No. 327]. For reasons below, Defendant's motion is denied.

## Background

On August 1, 2019, a jury found Defendant guilty of: (1) armed bank robbery of Guaranty Bank & Trust Company; (2) using carrying, and brandishing firearms during and in relation to a crime of violence; (3) armed credit union robbery; (4) using, carrying, and brandishing firearms during and in relation to a crime of violence; (5) armed bank robbery of Winnsboro State Bank; and (6) using, carrying, brandishing, and discharging firearms during and in relation to a crime of violence. [Doc. No. 150].

On November 7, 2019, the Court sentenced Defendant to 339 months of imprisonment and 5 years of supervised release. [Doc. No. 178]. On March 3, 2021, the United States Court of Appeals for the Fifth Circuit affirmed Defendant's convictions and sentences. [Doc. No. 214].

On February 12, 2024, Defendant moved to reduce her sentence. [Doc. No. 274]. On April 5, 2024, the Court denied her motion. [Doc. Nos. 278, 279].

Defendant filed the instant motion on approximately March 3, 2025.

## Law and Analysis

"A defendant moving for compassionate release must establish both extraordinary and compelling circumstances *and* that the release is consistent with the § 3553(a) factors." *United States v. Santana-Cerano*, 2025 WL 817589, at *1 (5th Cir. Mar. 14, 2025).

**1. 18 U.S.C. 3742(e)**

Defendant seeks relief under 18 U.S.C. § 3742(e). [Doc. No. 320, p. 1]. Section 3742(e) (emphasis added), provides in pertinent part:

> Upon review of the record, *the court of appeals* shall determine whether the sentence—
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;
>
> (3) is outside the applicable guideline range
>
> . . . .
>
> or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

Plainly, Section 3742(e), applies only to a court of appeals. It is inapplicable here and affords Defendant no relief. *See U.S. v. Suarez-Rangel*, 2020 WL 7753722, at *2 (N.D. Tex. Nov. 23, 2020), *report and recommendation adopted,* 2020 WL 7711279 (N.D. Tex. Dec. 29, 2020) ("The provisions for modifying a sentence under § 3742 are available to a criminal defendant only on direct appeal of a sentence[.]").

**2. Extraordinary and Compelling Reasons**

Even assuming *arguendo* that Defendant sought relief under 18 U.S.C. § 3582(c)(1), the Court would deny Defendant's motion.

"A district court may grant a motion for compassionate release under § 3582(c)(1) only if it finds, *inter alia*, that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Austin*, 125 F.4th 688, 691 (5th Cir. 2025). Under 18 U.S.C. § 3582(c)(1)(A)(i):

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction;
> > > > . . . .
> > > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Fifth Circuit "understand[s] 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). "'Compelling' . . . means 'to drive or urge with force, or irresistibly,' 'to force,' and 'to subjugate.'" *Id.* The terms 'extraordinary' and 'compelling' "explain why prisoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id.*

"Although not dispositive, the commentary to the U.S.S.G. informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate

3

release." *United States v. Batiste*, No. 23-30582, 2024 WL 620373, at *2 (5th Cir. Feb. 14, 2024). Under FSG § 1B1.13(b), the following may be sufficiently extraordinary and compelling reasons: (1) certain medical conditions; (2) the age of the defendant; (3) family circumstances; and (4) defendants who were victims of abuse.

Here, Defendant does not present any circumstances that meet the criteria under FSG § 1B1.13(b). Rather, she seeks a reduced sentence on grounds that she is rehabilitated after receiving 61 "certificates for programming" for completing various classes and programs. [Doc. Nos. 320; 320-2, pp. 5-50; 320-3].

While Defendant's completion of the classes and programs is laudable, she does not otherwise present extraordinary and compelling circumstances. *See* 28 U.S.C. § 994 ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); *U.S. v. Handlon*, 2024 WL 111787, at *1 (5th Cir. Jan. 10, 2024) ("[R]ehabilitation efforts alone are not an extraordinary and compelling reason for his release."); *Concepcion v. U.S.*, 597 U.S. 481, 502 (2022) ("[T]he First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation . . . counsel[s] in favor of a sentence reduction . . . . All that is required is for a district court to demonstrate that it has considered the arguments before it."); *U.S. v. Martinez*, 2024 WL 658952, at *1 (5th Cir. Feb. 16, 2024).

**3. Factors Under 18 USC § 3553(a)**

Even assuming *arguendo* that Defendant presented extraordinary and compelling reasons to justify reducing her sentence (she does not), the Court would still deny her motion after analyzing the factors under 18 U.S.C. § 3553(a).

As the Court stated previously in response to Defendant's first motion to reduce her sentence, her convictions are very serious, dangerous offenses, which involved the use of

4

firearms. In addition, she has only served approximately 25-28% of her sentence. [Doc. No. 320-1, p. 6]. The sentence she received reflects the nature and circumstances of the serious offenses and accurately reflects the need to promote respect for the law, provide just punishment, deter further criminal conduct, and protect the public.

The Court has considered Defendant's letter of contrition/apology and her contentions that she is rehabilitated and improved after completing 61 programs, that she has great family support, and that she has maintained an "exemplary disciplinary record[.]" [Doc. Nos. 320; 320-3]. On balance, however, the factors under Section 3553(a), do not warrant a reduction in sentence.[1] And, as above, she does not present extraordinary or compelling circumstances.

## Conclusion

For the reasons above, Defendant Lakendria Nicole Goings' motion to reduce her sentence, [Doc. No. 320], is **DENIED**.

MONROE, LOUISIANA, this 8th day of April 2025.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., United States v. Rydell*, 2024 WL 4867070, at *1 (5th Cir. Nov. 22, 2024) (affirming the district court's determination "that any rehabilitation by Rydell would not outweigh its concerns with promoting respect for the law, protecting the public, and providing adequate deterrence."); *United States v. Velasquez*, 2023 WL 3018284, at *1 (5th Cir. Apr. 20, 2023).